UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN INDIANA CURRY, | No. 2:20-cv-227-TLN-EFB P |
| Plaintiff, | |
| v. | ORDER |
| SESSIONS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has also filed an application to proceed in forma pauperis. ECF Nos. 2, 4.

**I.    Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.    Analysis**

The complaint sets forth three Eighth Amendment claims against various correctional staff at the San Joaquin County Jail. First, plaintiff alleges that defendant Sessions assaulted him on November 13, 2019 while defendants Sanders, Pyett, and John Doe failed to intervene. Second, plaintiff alleges that defendants Sessions and Sanders refused him basic necessities, including food, on or about November 9, 2019 and that defendant Williams knew of their conduct but did

2

not intervene.  Third, plaintiff alleges that defendants Jones, Pimentel, Scott, and unidentified Does assaulted him on November 9, 2019 while Pitts ignored his calls for help.  Plaintiff claims that defendant Oram violated his rights by upholding an RVR defendant Pitts issued against him in connection with the November 9, 2019 incident.

For the limited purposes of screening, plaintiff has stated potentially cognizable Eighth Amendment claims against defendants Sessions, Sanders, Pyett, and Williams.[1]

Plaintiff's third claim must be dismissed without prejudice because it is not related to his first two claims and shares no common defendants.  In asserting unrelated claims against different defendants, plaintiff has violated Federal Rule of Civil Procedure 20(a)(2).  Under that rule, multiple defendants may be joined in a single action only where a claim asserted against the defendants arose "out of the same transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."  *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[u]nrelated claims against different defendants belong in different suits").  Simply put, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  *Id*.  "Unrelated claims against different defendants belong in different suits[.]"  *Id*.

Plaintiff may choose to proceed only with his claims against defendants Sanders, Sessions, Pyett, and Williams.  Alternatively, he may choose to amend his complaint to state (if he can) a cognizable claim against defendants Jones, Pimentel, Scott, and Oram.  Such an amended complaint must include facts that show that plaintiff's claim against these defendants is related to his claims against Sessions, Sanders, Pyett, and Williams.  Otherwise, plaintiff is free to pursue his claims against Jones, Pimentel, Scott, and Oram in a different action.

The court cautions plaintiff that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to

---

[1] It is plaintiff's responsibility to determine the identity of the Doe defendants (for example, by using the discovery process) and, once he does so, to obtain leave to file an amended complaint naming those individuals.

3

perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely to his federal allegations that "the form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring multiple, unrelated claims against more than one defendant. *Id.*

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

**IV.    Order**

Accordingly, it is ORDERED that:

1. Plaintiff's complaint alleges, for screening purposes, potentially cognizable Eighth Amendment claims against defendants Sessions, Sanders, Pyett, and Williams.
2. All other claims are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.

4

3. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the claims recognized by this order as potentially cognizable or whether he intends to file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time;

4. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: March 26, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN INDIANA CURRY,<br><br>    Plaintiff,<br><br>    v.<br><br>SESSIONS, et al.,<br><br>    Defendants. | No. 2:20-cv-00227-EFB-TLN PC<br><br>NOTICE OF INTENT TO PROCEED OR AMEND |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ proceed only with Eighth Amendment claims against defendants Sessions, Sanders, Pyett, and Williams;

OR

(2) _____ delay serving any defendant and file an amended complaint.

_____
Plaintiff

Dated: