UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN INDIANA CURRY,<br><br>            Plaintiff,<br><br>      v.<br><br>SESSIONS, *et al.*,<br><br>            Defendants. | Case No. 2:20-cv-00227-TLN-JDP (PC)<br><br>ORDER (1) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND (2) GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DISCOVERY<br><br>ECF Nos. 40, 41 |

Plaintiff has filed a third motion requesting the appointment of counsel. ECF No. 40. As previously explained to plaintiff, he does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525

(internal quotation marks and citations omitted).

Plaintiff argues that appointment of counsel is necessary because the law library at his facility is currently closed to inmates due to the current pandemic. ECF No. 40. He claims that that this has limited his ability to gain access to legal materials. *Id.* The court is sympathetic to the challenge plaintiff faces in gaining access to legal material. But this challenge is not unique to plaintiff. Inmates throughout California and the country face similar obstacles as a result of the pandemic. Accordingly, plaintiff's situation, while unfortunate, does not constitute an exceptional circumstance justifying the appointment of counsel. To hold otherwise would require counsel be appointed for virtually all incarcerated litigants, which is simply not feasible. For this reason, plaintiff's motion to appoint counsel will be denied.

Plaintiff also moves for a thirty-day extension of time to respond to defendant Sessions's interrogatories. ECF No. 41. Good cause appearing, plaintiff's motion for an extension of time is granted.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for appointment of counsel, ECF No. 40, is denied without prejudice.

2. Plaintiff's motion for a thirty-day extension of time, ECF No. 41, is granted, and plaintiff shall serve his responses to defendant Sessions's interrogatories by no later than February 22, 2021.

3. The August 24, 2020 discovery and scheduling order is modified as follows:

    a. The deadline for completion of discovery is extended to February 22, 2021 for the limited purpose of allowing plaintiff to serve his response to Sessions's interrogatories.

    b. Defendant Sessions is granted until March 8, 2021 to file a motion to compel plaintiff's responses to his interrogatories.

IT IS SO ORDERED.

Dated:   January 21, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE